IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROY FRANKLIN ECHOLS,

    Plaintiff,

v.    Civil Action No. 3:19CV947

CSX TRANSPORTATION,

    Defendant.

**MEMORANDUM OPINION**

Roy Franklin Echols, a Virginia inmate proceeding pro se, filed this action. By Memorandum Opinion and Order entered on July 27, 2021, the Court dismissed the action without prejudice because Echols failed to timely serve CSX Transportation ("CSX"). (ECF Nos. 23, 24.) The matter is before the Court on Echols's Motion For Reconsideration. (ECF No. 25.) For the reasons set forth below, the Motion For Reconsideration (ECF No. 25) will be denied.[1]

### I. PROCEDURAL HISTORY

Pursuant to Federal Rule of Civil Procedure 4(m), Echols had ninety (90) days from the filing of the complaint to serve CSX. Here, that period commenced on March 4, 2021. By Memorandum Order

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Echols's submissions.

entered on that date, the Court directed Echols to provide the Court with the address for CSX if he wanted the assistance of the Marshal in serving CSX. (ECF No. 17.)

On May 4, 2021, Echols responded that CSX could be served at: "500 East Main Street, Richmond, Virginia 23219." (ECF No. 18.) On May 5, 2021, the Clerk issued process for CSX at the address provided by Echols. (ECF No. 19.) On May 24, 2021, the Marshal returned the summons for CSX unexecuted because the address Echols had provided was the address for a church. (ECF No. 20, at 3.) The Marshal provided Echols with notice of this fact. (Id.) Nevertheless, on June 3, 2021, Echols again informed the Court that CSX could be served at "500 East Main Street, Richmond, Virginia 23219." (ECF No. 21.)

By Memorandum Order entered on June 17, 2021, the Court directed Echols to show good cause, within eleven (11) days of the date of entry thereof, for his failure to serve CSX. More than eleven (11) days elapsed and it appeared that Echols had failed to respond to June 17, 2021 Memorandum Order. Accordingly, by Memorandum Opinion and Order entered on July 27, 2021, the Court dismissed the action without prejudice.

On August 11, 2021, the Court received Echols's Motion for Reconsideration.

## II. RELIEF UNDER FED. R. CIV. P. 59(e)

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Here, Echols contends that the Court should set aside the July 27, 2021 Memorandum Opinion and Order because he did respond to the June 17, 2021 Memorandum Order. A review of the Court's correspondence revealed that Echols did respond to the June 17, 2021 Memorandum Order. (ECF No. 28.) Although the Clerk stamped the response received, it failed to electronically file Echols's response until October 15, 2021. (Id.) Nevertheless, as explained below, Echols does not demonstrate good cause for his failure to timely serve CSX.

In his Motion for Reconsideration, Echols vaguely suggests his failure to timely serve CSX should be excused because of

3

"COVID-19 and incarceration conditions and proceeding pro se under ADA limitations and physical condition of Hogkin's lymphoma stage – three III cancer." (ECF No. 25, at 4.) District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." Venable v. Dep't of Corr., No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. See McCollum v. GENCO Infrastructure Sols., No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, T & S Rentals, 164 F.R.D. at 425 (citing Prather v. Raymond Constr. Co., 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. McCollum, 2010 WL 5100495, at *2 (citing Robinson v. Fountainhead Title Grp. Corp., 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." Venable, 2007 WL 5145334, at *1 (quoting Vincent v. Reynolds Mem'l Hosp., 141 F.R.D. 436, 437 (N.D.

4

W.Va. 1992)). While a court might take a plaintiff's pro se status into consideration when coming to a conclusion on good cause, Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither pro se status nor incarceration alone constitute good cause. Sewraz v. Long, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Echols, not the Court, nor the United States Marshal's service, is responsible for providing the appropriate addresses for serving a defendant. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding in forma pauperis retain responsibility for providing address at which service can be effectuated); see also Geter v. Horning Bros. Mgmt., 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007) (advising that in forma pauperis status conveys right to have court effect service only to extent plaintiff provides a valid address).

Here, the Marshal attempted to serve CSX at the address Echols provided to the Court. (ECF No. 25, at 4.) Once Echols learned that the address he had provided was incorrect, it was incumbent upon him to attempt to find the correct address. Echols fails to identify any effort at all on his part to find a correct address for CSX Transportation. Thus, Echols fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant." Venable, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Echols fails to demonstrate

5

any basis for relief under Rule 59(e). Echols's Motion for Reconsideration (ECF No. 25) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Echols.

It is so ORDERED.

/s/ *REP*

Robert E. Payne
Senior United States District Judge

Date: November 1, 2021
Richmond, Virginia