IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROY FRANKLIN ECHOLS,

    Plaintiff,

v.                                  Civil Action No. 3:19CV947

CSX TRANSPORTATION,

    Defendant.

**MEMORANDUM OPINION**

    Roy Franklin Echols, a Virginia inmate proceeding pro se, filed this action. By Memorandum Opinion and Order entered on July 27, 2021 ("July 27 ORDER"), the Court dismissed the action without prejudice because Echols failed to timely serve CSX Transportation ("CSX"). (ECF Nos. 23, 24.) The matter is before the Court on Echols's "Motion to Leave and Supplemental Pleading" (the "MOTION"), which he filed on June 14, 2023. (ECF No. 40.) In the MOTION, Echols contends that his failure to serve CSX Transportation in a timely manner was attributable to the fact that CSX Transportation listed "a fraudulent church address on [Google World Wide Website]." (ECF No. 40, at 2 (alteration in original) (capitalization corrected) (underline omitted).)

    Because the MOTION was filed more than twenty-eight days after the entry of the July 27 ORDER, the MOTION is governed by Fed. R. Civ. P. 60(b). See In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992).

A party seeking relief under Rule 60(b) must make a threshold showing of "timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing Werner, 731 F.2d at 207). Furthermore, a litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995) (citing United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)).

In the MOTION, Echols fails to identify the part of Rule 60(b) that, in his view, entitles him to relief. Dowell, 993 F.2d at 48. Moreover, the MOTION, which was filed almost two years after the entry of the challenged judgment and without any explanation for that delay, was not filed in a reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir. 1974); Consol. Masonry & Fireproofing, Inc. v. Wagman

2

Constr. Corp., 383 F.2d 249 (4th Cir. 1967))). Accordingly, the MOTION (ECF No. 40) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Echols.

It is so ORDERED.

                                        /s/ *REP*
                              Robert E. Payne
                              Senior United States District Judge

Richmond, Virginia
Date: August 10, 2023