IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROY FRANKLIN ECHOLS,

    Plaintiff,

v.                                       Civil Action No. 3:19CV947

CSX TRANSPORTATION,

    Defendant.

## MEMORANDUM OPINION

Roy Franklin Echols, a Virginia inmate proceeding pro se, filed this action. The matter is before the Court on Echols's "Motion To Alter or Amend Judgment" ("MOTION TO ALTER," ECF No. 43), which was filed on August 31, 2023. For the reasons set forth below, the MOTION TO ALTER (ECF No. 43) will be denied.

### I. PROCEDURAL HISTORY

By Memorandum Opinion and Order entered on July 27, 2021 ("July 27 ORDER"), the Court dismissed the action without prejudice because Echols failed to timely serve CSX Transportation ("CSX"). (ECF Nos. 23, 24.) Echols appealed. On January 5, 2022, the United States Court of Appeals for the Fourth Circuit dismissed Echols's appeal. (ECF No. 36.)

Thereafter, on June 14, 2023, Echols filed a "Motion to Leave and Supplemental Pleading" ("MOTION TO LEAVE," ECF No. 40.) In the MOTION TO LEAVE, Echols asserted that failure to serve CSX

Transportation in a timely manner was attributable to the fact that CSX Transportation listed "a fraudulent church address on [Google World Wide Website]." (ECF No. 40, at 2 (alteration in original) (capitalization corrected) (underline omitted).)

Because the MOTION TO LEAVE was filed more than twenty-eight days after the entry of the July 27 ORDER, the MOTION TO LEAVE was governed by Fed. R. Civ. P. 60(b). See In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992). Echols failed to identify the part of Rule 60(b) that, in his view, entitled him to relief. Further, the MOTION TO LEAVE, which was filed almost two years after the entry of the challenged judgment and without any explanation for that delay, was not filed in a reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir. 1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir. 1967)). Accordingly, by Memorandum Opinion and Order entered on August 11, 2023, the Court denied Echols's MOTION FOR LEAVE.

## II. ANALYSIS

On August 31, 2023, Echols filed his MOTION TO ALTER. In the MOTION TO ALTER, Echols seeks to challenge the Court's August 11, 2023 decision denying his MOTION FOR LEAVE. Because the MOTION TO ALTER was filed within twenty-eight (28) days of the denial of the MOTION FOR LEAVE it is governed by Federal Rule of Civil Procedure 59(e). See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978))). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In his MOTION TO ALTER, Echols apparently contends that the Court committed a clear error law or acted in manifestly unjust

3

manner by denying his MOTION FOR LEAVE. Echols contends, in a cursory manner, that relief pursuant to his MOTION FOR LEAVE was appropriate under Rule 60(b), subsections (1), (3), and (6). In support of those arguments, Echols simply notes the lack of timely service may be attributable the Marshal's attempt to serve process at incorrect address. Echols makes no effort to explain why his MOTION FOR LEAVE was filed within a reasonable time. Echols has failed to demonstrate that the Court committed a clear error of law in denying his MOTION FOR LEAVE. Furthermore, Echols fails to explain how it was manifestly unjust to deny the MOTION FOR LEAVE. The Court dismissed the present action without prejudice. Accordingly, Echols's MOTION TO ALTER (ECF No. 43) will be denied. Echols's "Motion For A Evidentiary Hearing" (ECF No. 44) with respect to his MOTION TO ALTER will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Echols.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 1, 2023