IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROY FRANKLIN ECHOLS,

    Plaintiff,

v.                                        Civil Action No. 3:19CV947

CSX TRANSPORTATION,

    Defendant.

**MEMORANDUM OPINION**

Roy Franklin Echols, a Virginia inmate proceeding pro se, filed this action. The matter is before the Court on Echols's "Petition For Rehearing And Rehearing Enbanc" ("PETITION FOR REHEARING," ECF No 55), which was filed on February 26, 2024. For the reasons that follow, the PETITION FOR REHEARING will be denied.

**I. PROCEDURAL HISTORY**

By Memorandum Opinion and Order entered on July 27, 2021 ("July 27 ORDER"), the Court dismissed the action without prejudice because Echols failed to timely serve CSX Transportation, Inc., ("CSX"). (ECF Nos. 23, 24.) Echols appealed. On January 5, 2022, the United States Court of Appeals for the Fourth Circuit dismissed Echols's appeal. (ECF No. 36.)

Thereafter, on June 14, 2023, Echols filed a "Motion to Leave and Supplemental Pleading" ("MOTION TO LEAVE," ECF No. 40.) In the MOTION TO LEAVE, Echols asserted that his failure to serve CSX

in a timely manner was attributable to the fact that CSX listed "a fraudulent church address on [Google World Wide Website]." (ECF No. 40, at 2 (alteration in original) (capitalization corrected) (underline omitted).)

Because the MOTION TO LEAVE was filed more than twenty-eight days after the entry of the July 27 ORDER, the MOTION TO LEAVE was governed by Fed. R. Civ. P. 60(b). See In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992). Echols failed to identify the part of Rule 60(b) that, in his view, entitled him to relief. Further, the MOTION TO LEAVE, which was filed almost two years after the entry of the challenged judgment and without any explanation for that delay, was not filed in a reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir. 1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir. 1967)). Accordingly, by Memorandum Opinion and Order entered on August 11, 2023, the Court denied Echols's MOTION FOR LEAVE. (ECF Nos. 41, 42.)

On August 31, 2023, Echols filed a "Motion To Alter or Amend Judgment" ("MOTION TO ALTER," ECF No. 43). By Memorandum Opinion

2

and Order entered on November 1, 2023, the Court denied the MOTION TO ALTER. In denying the MOTION TO ALTER, the Court noted:

> Echols contends, in a cursory manner, that relief pursuant to his MOTION FOR LEAVE was appropriate under Rule 60(b), subsections (1), (3), and (6). In support of those arguments, Echols simply notes the lack of timely service may be attributable to the Marshal's attempt to serve process at [an] incorrect address. Echols makes no effort to explain why his MOTION FOR LEAVE was filed within a reasonable time. Echols has failed to demonstrate that the Court committed a clear error of law in denying his MOTION FOR LEAVE. Furthermore, Echols fails to explain how it was manifestly unjust to deny the MOTION FOR LEAVE.

(ECF No. 51, at 4.) Echols appealed. (ECF No. 45.) On February 15, 2024, the United States Court of Appeals for the Fourth Circuit dismissed Echols's appeal. On February 26, 2024, Echols filed his PETITION FOR REHEARING wherein he once again seeks to debate the dismissal of the action for failure to timely serve CSX.

## II. ANALYSIS

Echols's PETITION FOR REHEARING was not filed in reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir. 1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir. 1967)). "Further, Rule 60(b) may not do service for an appeal . . . ." Bowling v. Monk, No. 95-1202, 1995 WL 711960, at *1 (4th Cir. Dec. 5, 1995) (citing Hall v. Warden, 364 F.2d 495, 496 (4th Cir. 1966)). To the extent that Echols believed that a

3

prior decision of this Court was in error, his remedy was to pursue an appeal. Echols's PETITION FOR REHEARING (ECF No. 55) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Echols.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 24, 2024

4